[No. 27636-1-I.    Division One.    July 20, 1992.]

THE STATE OF WASHINGTON, *Respondent*, v. RICHARD
DALE BIRDSONG, *Appellant*.

*Andrew P. Zinner* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *James Louie, Deputy,* for respondent.

THOMPSON, J. — Richard Dale Birdsong appeals an order denying his motion to suppress postarrest statements and physical evidence seized from his rental house. We reverse.

On March 24, 1990, James E. Morrison phoned the Kent Police Department and said the person renting his house vandalized it and left without paying the rent. He asked for a police officer to come and investigate.

Detective Petersen arrived at Mr. Morrison's rental house. Mr. Morrison told the detective he had rented the house to Mr. and Mrs. Birdsong for 5 years. Mr. Morrison explained that when he came to check on his house and found it abandoned, he entered and discovered evidence marijuana was being grown there.

While the conversation between the detective and the landlord was taking place in the driveway outside the house, Mr. Birdsong arrived. The detective, accompanied by the landlord, then went inside. The detective did not ask Mr. Birdsong for permission to search the house. The search uncovered a marijuana pipe, marijuana leaves, a 55-gallon drum, a halide light, and miscellaneous paraphernalia. Mr. Birdsong was placed under arrest and put in the patrol car. The evidence from the house was seized.

Mr. Birdsong was read his *Miranda* rights when the detective returned to the patrol car. On the way to the police station, Mr. Birdsong made several incriminating statements. He was booked and given his *Miranda* rights again before making a recorded statement. He was charged

with one count of manufacturing marijuana in violation of RCW 69.50.401(a)(1)(ii).

Defense counsel moved to suppress the evidence seized from the house and the statements made by Mr. Birdsong after his arrest. He contended they were incident to an unlawful search and seizure. The landlord, Mr. and Mrs. Birdsong, and Detective Petersen testified at the suppression hearing.

The trial court found the Birdsongs moved from the rental house on March 15, electrical power was shut off on March 24, furniture was stacked in the garage, and Mr. Birdsong made no objection to the detective's entry. The court concluded that Mr. Birdsong had no reasonable expectation of privacy in the residence and his consent to search it was not required. The motion to suppress the physical evidence seized from the house was denied. As to Mr. Birdsong's statements, the trial court found the statements were made willingly, knowingly, and voluntarily, and the motion to suppress the statements was denied.

Mr. Birdsong was convicted as charged in a bench trial. He was sentenced to 30 days' confinement and ordered to pay restitution.

Mr. Birdsong contends he had a reasonable expectation of privacy in his rented house and the landlord had no authority to consent to a search of it. He cites *State v. Mathe*, 102 Wn.2d 537, 688 P.2d 859 (1984), *State v. Christian*, 95 Wn.2d 655, 628 P.2d 806 (1981), and *Stoner v. California*, 376 U.S. 483, 490, 11 L. Ed. 2d 856, 84 S. Ct. 889, 893 (1964). According to Mr. Birdsong, even if the landlord had common authority over the premises, he had equal or greater authority, and because he was present at the time of the search, his consent was also required. *State v. Leach*, 113 Wn.2d 735, 782 P.2d 1035 (1989). We agree.

■■ Warrantless searches are presumptively or per se unreasonable. *Payton v. New York*, 445 U.S. 573, 586, 63 L. Ed. 2d 639, 100 S. Ct. 1371 (1980); *Leach*. A warrantless search is constitutional, however, if valid consent is given. *Schneckloth v. Bustamonte*, 412 U.S. 218, 219, 36 L. Ed. 2d

854, 93 S. Ct. 2041 (1973); *Mathe*, at 541. To be valid, a consensual search requires voluntary consent by one having authority to consent and the search must be limited to the scope of the consent. Utter, *Survey of Washington Search and Seizure Law: 1988 Update*, 11 U. Puget Sound L. Rev. 411, § 5.10, at 551 (1988); *State v. Rodriguez*, 65 Wn. App. 409, 828 P.2d 636 (1992). The State bears the burden of establishing valid consent or other exception to the warrant requirement. *Mathe*, at 540-41.

Here, the State asserts an exception to the warrant requirement based on abandonment of leased premises and third party consent. According to the State, Mr. Birdsong's landlord had the actual and apparent authority to consent because Mr. Birdsong abandoned his rental home and had no reasonable expectation of privacy therein.

If a tenant has the sole or undisputed possession of leased premises, the landlord lacks authority to consent to a search. *Stoner*. If, however, the tenant and landlord have mutual use of the leased premises, the tenant may have assumed the risk that the landlord would permit a search. *Christian*.

In *Christian*, the defendant's lease had expired, the lease was not going to be renewed, and the defendant had been notified the landlord would be cleaning the premises. The landlord found incriminating evidence left by the tenant and consented to a search by police. Given these facts, *Christian* held the tenant assumed the risk that the landlord would exercise his right of joint control. *Christian* was decided using only a Fourth Amendment analysis.

■ For purposes of determining consent issues under article 1, section 7 of the Washington Constitution, *State v. Mathe, supra*, adopted the common authority standard described in *United States v. Matlock*, 415 U.S. 164, 39 L. Ed. 2d 242, 94 S. Ct. 988 (1974). Under this standard: (1) the consenting party must be able to permit the search in his/her own right and (2) it must be reasonable to find that the defendant had assumed the risk that a person with joint control might permit a search.

In *Mathe*, the defendant rented two bedrooms in a house for his use and the use of his girl friend and her daughter. The landlord consented to a search of the bedroom where police found the defendant and a weapon used in robbing a jewelry store. The issue on appeal was whether the landlord had the authority to consent to a search of the bedroom. Unlike the facts in *Christian*, defendant's lease had not terminated. As *Mathe* noted at page 542, "*Christian* did not address . . . the problems created when a landlord purports to consent to a search involving a *current* tenant's living space", nor did it discuss the issue of what standard is required under Washington's constitution. *Mathe*, at 544, concluded a landlord-tenant relationship will not support an inference that a search is authorized just because a landlord consents, if the premises searched are in the exclusive possession of the tenant.

■ Here, there are no findings regarding what eviction proceedings the landlord had commenced, if any, or what legal notices may have been given to terminate the Birdsongs' tenancy. However, there was testimony that, prior to March 24 when the search took place, the landlord and Mr. Birdsong understood the lease would not terminate until March 31. There was no evidence that part of the leased premises was reserved for use by the landlord. There are no facts from which it could be inferred that Mr. Birdsong assumed the risk that his landlord might permit a search of the residence. *Mathe*. Finally, the evidence is insufficient to find voluntary abandonment by the Birdsongs. *Abel v. United States*, 362 U.S. 217, 241, 4 L. Ed. 2d 668, 80 S. Ct. 683, 698 (1960).

Mr. Birdsong was present at his rented house before and during the search and some of his possessions remained there. He retained his keys and testified he went to the house to clean it and remove his possessions. A search and seizure without Mr. Birdsong's consent was an unreasonable violation of his private affairs under article 1, section 7 of

the Washington Constitution, whether or not his expectation of privacy was reasonable under the Fourth Amendment. *State v. Boland*, 115 Wn.2d 571, 580, 800 P.2d 1112 (1990). *State v. Hastings*, 119 Wn.2d 229, 830 P.2d 658 (1992). His consent to search was required. *Mathe*; *cf. Leach*.

Since Mr. Birdsong was present at the time of the search, but not asked to consent to it, we need not address the State's contention the apparent authority doctrine justifies the search. Under this doctrine, a search is lawful when it is based on a reasonable but mistaken belief by police that a third party has authority over the place searched. 3 W. LaFave, *Search and Seizure* § 8.3(g), at 261 (2d ed. 1987); *State v. Christian*, 26 Wn. App. 542, 613 P.2d 1199 (1980), *aff'd*, 95 Wn.2d 655, 628 P.2d 806 (1981); *Illinois v. Rodriguez*, 497 U.S. 177, 111 L. Ed. 2d 148, 110 S. Ct. 2793 (1990).

The State also contends the evidence seized from the rental house was taken by a private person. The State argues that unless a private person is functioning as an agent or instrumentality of the State, constitutional protections do not require the exclusion of evidence obtained from private citizens. *Coolidge v. New Hampshire*, 403 U.S. 443, 29 L. Ed. 2d 564, 91 S. Ct. 2022 (1971); *Burdeau v. McDowell*, 256 U.S. 465, 65 L. Ed. 1048, 41 S. Ct. 574, 13 A.L.R. 1159 (1921); *State v. Clark*, 48 Wn. App. 850, 855, 743 P.2d 822, *review denied*, 109 Wn.2d 1015 (1987).

Here, the physical evidence removed from the leased premises by the landlord prior to March 24 is not at issue. The evidence at issue is that seized by the detective on March 24, when he entered the house and searched it in the presence of the landlord and Mr. Birdsong. The State's contention the evidence was obtained from a private citizen lacks merit.

■ Mr. Birdsong's postarrest statements are also subject to the exclusionary rule. *State v. Stortroen*, 53 Wn. App. 654, 660, 769 P.2d 321 (1989). All evidence, including postarrest

statements, obtained directly or indirectly through the exploitation of an illegal search must be suppressed, unless the relationship between the search and the evidence had " ' "become so attenuated as to dissipate the taint." ' " *Stortroen*, at 660 (quoting *Wong Sun v. United States*, 371 U.S. 471, 491, 9 L. Ed. 2d 441, 83 S. Ct. 407 (1963) (quoting *Nardone v. United States*, 308 U.S. 338, 341, 84 L. Ed. 307, 60 S. Ct. 266 (1939))).

The arresting detective testified that about 45 minutes after he entered the house, he advised Mr. Birdsong of his *Miranda* rights. Some questioning took place in the patrol car and some at the police station 3 hours later. The relationship between the search and the statements was not so attenuated as to remove any taint that occurred from the illegal search. *Stortroen*. "[V]iolation of a constitutional immunity automatically implies exclusion of the evidence seized." *Boland*, at 582.

The exclusionary rule prohibits admission of the evidence seized at the home on March 24 as well as postarrest statements made by Mr. Birdsong. The trial court erred in refusing to suppress the evidence objected to.

We reverse and dismiss.

COLEMAN and FORREST, JJ., concur.

Review denied at 120 Wn.2d 1020 (1993).